**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MAJID IRANPOUR MOBAREKEH, | § | |
| #29092-064, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-1821-K-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the

United States magistrate judge for judicial screening. Petitioner, a federal prisoner confined at

FCI Seagoville, filed a *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. §

2241. Doc. 5. Upon review of the relevant pleadings and applicable law, and for the reasons

that follow, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for

want of jurisdiction.[1]

**I. BACKGROUND**

Petitioner pled guilty in the United States District Court for the Western District of

Oklahoma to smuggling goods (shell casings) and possessing with intent to distribute a

controlled substance, and was sentenced to 51 months' imprisonment. Doc. 5 at 3; *United States*

*v. Mobarekeh*, No. 5:14-CR-0312 (W.D. Okla. Jul. 29, 2015), *app. dism.*, 616 F. App'x 382

(10th Cir. Oct. 9, 2015). Petitioner did not seek relief under 28 U.S.C. § 2255, but later sought a

sentence reduction, pointing to the denial of his opportunity to participate in the Residential Drug

---

[1] Because this Court lacks jurisdiction and the case cannot proceed, it is unnecessary to modify
the docket sheet to reflect the correct Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-
35 (2004) (the proper respondent to a habeas petition under § 2241 is "the person who has
custody over [the petitioner].").

Abuse Program during his incarceration. The sentencing court construed the motion to seek habeas relief under 28 U.S.C. § 2241, and dismissed for want of jurisdiction because Petitioner was incarcerated within the Northern District of Texas. *See Mobarekeh*, No. 5:14-CR-00312 (W.D. Okla. Apr. 19, 2017), *appeal pending*, No. 17-6116 (10th Cir.).

In the petition *sub judice*, Petitioner challenges his plea agreement and sentencing guidelines calculations under 28 U.S.C. § 2241. *See* Doc. 3 at 1; Doc. 5 at 1 (original and amended petitions seek relief under section 2241). Petitioner claims a "manifest miscarriage of justice" has resulted from his conviction and sentence, and maintains that he is innocent of smuggling goods from the United States under 18 U.S.C. § 554(a). Doc. 5 at 5-6

## II. ANALYSIS

At the outset, this Court evaluates the substance of Petitioner's claims to determine if they are properly brought under 28 U.S.C. § 2241. The Court concludes that they are not.

A section 2255 motion to vacate sentence provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotations and citations omitted). A section 2241 petition, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Id.* A petition filed under section 2241 is not a substitute for a section 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A section 2241 petition that seeks to challenge the validity of a federal sentence, by challenging errors that occurred at trial or sentencing, must either be dismissed or construed as a section 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). But a federal prisoner "may bring a petition under § 2241 to challenge the legality of his conviction or

sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles,* 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers,* 253 F.3d at 830; *see also Padilla,* 416 F.3d at 426.[2]

Although Petitioner filed his initial and amended habeas corpus petitions under section 2241, he does not seek to attack the manner in which his sentence is being executed and challenges, instead, his federal conviction and sentence. Doc. 2; Doc. 5. Petitioner also does not specifically invoke the savings clause of section 2255 in order to pursue his claims under § 2241. That notwithstanding, he fails to meet his burden of showing that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention. *See Jeffers,* 253 F.3d at 830 (petitioner bears burden "to show the inadequacy or ineffectiveness of a motion under § 2255").

Petitioner cannot rely on section 2241 merely because he cannot seek relief under section 2255. *Cf. Pack,* 218 F.3d 448, 453 (summarizing authority holding that prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy

---

[2] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2555(e) (emphasis added).

Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241. *See Padilla,* 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

inadequate or ineffective).  Moreover, "the savings clause of section 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'"  *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382.  Petitioner fails to establish either requisite, thus, cannot prevail.

First, Petitioner does not allege, much less demonstrate, that he was convicted of a nonexistent offense.  He has sought neither to establish that he is actually innocent of the charges against him nor decriminalization of the conduct for which he was convicted.  Rather Petitioner challenges the calculation of his sentencing guideline range, specifically the purported consideration of 50 "empty shell casings," which he maintains increased his sentence.  Doc. 5 at 5-6; Doc. 3 at 2.  Second, Petitioner's claim is not premised on a retroactively-applicable Supreme Court decision calling into question the validity of his conviction.

Accordingly, Petitioner is not entitled to relief under section 2241 and his petition should be dismissed without prejudice for want of jurisdiction.  *See Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of jurisdiction because petitioner failed to show the section 2255 remedy was inadequate or ineffective).[3]

---

[3] Petitioner asserts that when he presented the claim advanced in this case to the sentencing court, he was instructed to file a section 2241 habeas petition in the district of confinement.  Doc. 3 at 11.  In support, he cites the June 15, 2017 order of the sentencing court, addressing his request for sentence reduction due to being denied the opportunity to participation in the Residential Drug Abuse Program.  Doc. 3 at 15.  However, that order is inapposite because, unlike in this case, Petitioner did not challenge his underlying conviction and sentence in his request for sentence reduction in the sentencing  court.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SIGNED** November 21, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE